IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

|  |  |
|---|---|
| Richard Bishop,<br><br>            Plaintiff,<br><br>    v.<br><br>Michael J. Astrue, Commissioner<br>of Social Security Administration,<br><br>            Defendant. | C/A No. 1:10-2714-TMC<br><br>**OPINION & ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), filed on November 23, 2011. (Dkt. # 31). The Magistrate Judge recommended the case be remanded to the Commissioner solely on the basis that the Appeals Council did not articulate a reason for denying review. For the reasons set forth below, the court declines to adopt the Report and recommits this matter to the Magistrate Judge.

**Procedural Background**

Plaintiff applied for DIB on March 22, 2007, with an alleged disability onset date of May 28, 2002, due to back problems, high blood pressure, depression, and anxiety. His application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing on April 17, 2009, and on January 29, 2010, the ALJ denied

Plaintiff benefits. Plaintiff sought review of his case by the Appeals Council and submitted a brief in support and additional medical evidence. On August 27, 2010, the Appeals Council denied his request for review. Plaintiff filed this action seeking review of the Commissioner's decision. The Magistrate Judge to whom this matter was referred filed a Report on November 23, 2011, in which she recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings. (Dkt. # 31).

The Commissioner filed objections on December 12, 2011. (Dkt. # 33). On January 2, 2012, Plaintiff filed a response to the Commissioner's objections. (Dkt. # 36). Accordingly, this matter is now ripe for review.

## Standard of Review

An individual is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416(i)(1). The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial

evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed.R.Civ.P. 72 advisory committee's note). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) (citations omitted). The district court need not review issues that are beyond the subject of an objection.

*Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200.  Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. *Camby*, 718 F.2d at 200.

## DISCUSSION

In his brief, Plaintiff alleges the ALJ erred in denying him benefits on the following grounds: 1) a failure by the ALJ to properly evaluate the Plaintiff's serious, continuing problems documented by objective data which would prohibit work; 2) a failure by the ALJ to evaluate testimony of a vocational witness; 3) failure by the ALJ to provide an adequate credibility determination; 4) a failure by the ALJ in relying on contradictory VE testimony which conflicted with the information in the DOT; and 5) a failure by the Appeals Council to properly evaluate the new and material evidence.  (Pl.'s Reply Mem. at 1).

The Magistrate Judge recommends a remand based solely on the Appeals Council's failure to articulate a reason for denying review of the ALJ's decision.  The remaining four issues raised by Plaintiff were not addressed in the Report.  In *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), decided nine days after the Magistrate Judge filed her Report, the Fourth Circuit held that the Appeals Council is not required to articulate its rational for denying a request for review. *Id*. at 707.  The Fourth Circuit then stated when the Appeals Council receives additional evidence and denies review, the issue for the court is whether the ALJ's decision is supported by substantial evidence. *Id*.  Further, the court held that when the evidence is one-sided, the court may be able to determine whether substantial evidence supports the ALJ's decision. *Id*. In *Meyer*, however, the court held it could not determine whether substantial evidence supported the ALJ's decision and thus remanded

the case to the Commissioner for a rehearing. *Id*.

Here, the Magistrate Judge's recommendation is based solely upon her conclusion that the Appeals Council should have articulated a reason for denying review. The Magistrate Judge did not analyze whether substantial evidence in the record supports the ALJ's decision. Accordingly, the matter is recommitted to the Magistrate Judge for further analysis. Furthermore, in the interest of judicial efficiency, the Magistrate Judge should also address the additional claims Plaintiff raised in his brief.

## CONCLUSION

For the foregoing reasons, the court declines to adopt the Report and Recommendation and instead RECOMMITS this action to the Magistrate Judge for further analysis consistent with this order and opinion.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 18, 2012
Greenville, South Carolina