IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Richard Bishop, | C/A No. 1:10-2714-TMC |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| Michael J. Astrue, Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), filed on February 8, 2012. (Dkt. # 41).[1] For the reasons set forth below, the court declines to adopt the Report.

**Procedural Background**

Plaintiff applied for DIB on March 22, 2007, with an alleged disability onset date of May 28, 2002, due to back problems, high blood pressure, depression, and anxiety. His application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted hearings on April 17, 2009, and October 23, 2009, and the ALJ denied Plaintiff's claim for DIB on January 29, 2010. On March 1, 2010, Plaintiff sought review of

---

[1]The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

his case by the Appeals Council and submitted a memorandum and additional medical evidence. On August 27, 2010, the Appeals Council denied his request for review. Plaintiff filed this action seeking review of the Commissioner's decision.

On February 8, 2012, the Magistrate Judge filed a Report recommending that the Commissioner's decision be reversed and the action remanded pursuant to sentence four for further administrative action. (Dkt. # 41).[2] The Commissioner timely filed objections (Dkt. # 44) and Plaintiff filed a response to the Commissioner's objections. (Dkt. # 45). Accordingly, this matter is now ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. *Camby*, 718 F.2d at 200. A district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely

---

[2]On November 23, 2011, the Magistrate Judge to whom this matter was referred filed a Report in which she recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings solely on the basis of the Appeals Council's failure to articulate a reason for denying review of newly submitted evidence. (Dkt. # 31). The Commissioner timely filed objections and Plaintiff filed a response to the Commissioner's objections. In light of the Fourth Circuit's holding in *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), which was decided nine days after the first Report was filed, the court declined to adopt the Report and recommitted the case to the Magistrate Judge for further analysis. (Dkt. # 39).

filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed.R.Civ.P. 72 advisory committee's note). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) (citations omitted). Moreover, the district court need not review issues that are beyond the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Rather the court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there

is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

## DISCUSSION[3]

In his brief, Plaintiff alleges the ALJ erred in denying him benefits on the following grounds: 1) a failure by the ALJ to properly evaluate the Plaintiff's serious, continuing problems documented by objective data which would prohibit work; 2) a failure by the ALJ to evaluate testimony of a vocational witness; 3) failure by the ALJ to provide an adequate credibility determination; 4) a failure by the ALJ in relying on contradictory VE testimony which conflicted with the information in the DOT; and 5) a failure by the Appeals Council to properly evaluate the new and material evidence. (Pl.'s Reply Mem. at 1).

The Magistrate Judge recommends a remand based solely for the consideration of the new and material evidence which was presented to the Appeals Council, particularly the November 6, 2009 report of orthopedist Dr. Kissenberth. (Report at 22). The Magistrate Judge recommends that the remaining allegations be dismissed. (Report at 27). Defendant objects to a remand for the consideration of the new evidence. Although Plaintiff filed a response to Defendant's objections, he did not file any objections regarding the Magistrate's recommendation that the remaining allegations of error are without merit and should be dismissed. (Report at 27-29). In the absence of any objections to the Magistrate Judge's recommendations on these remaining issues, and satisfied that there is no clear error in this regard, the court accepts the Magistrate Judge's recommendation.

---

[3]In her Report, the Magistrate Judge sets forth the relevant facts and legal standards which are incorporated here by reference.

Accordingly, the court will not address these issues.[4]

As to Dr. Kissenberth's November 2009 opinion which was submitted to the Appeals Council, the court declines to adopt the Magistrate Judge's recommendation that this action be remanded for consideration of this new evidence. Dr. Kissenberth's November 2009 opinion is actually a form entitled "Medical Source Statement of Ability To Do Work-Related Activities (Physical)" where Dr. Kissenberth checked boxes regarding Plaintiff's limitations. Although the instructions ask the assessor to identify the factors (i.e. the particular medical signs laboratory findings, diagnosis, prescribed treatment, expected duration and prognosis) which support the assessment of any limitations, Dr. Kissenberth only checked boxes and his only notation stated "no lifting left shoulder." He did not provide any support of his assessment of any limitations.

Dr. Kissenberth completed the form on November 6, 2009, over ten months after the date Plaintiff was last insured.[5] Further, although the form was completed two weeks after the hearing was held on October 23, 2009, and almost three months prior to the ALJ's decision on January 29, 2010, it was not submitted for consideration until Plaintiff sought review by the Appeals Council in March 2010.

---

[4]Furthermore, the court notes that although additional evidence was submitted to the Appeals council, Plaintiff did not object to the Magistrate Judge's decision to focus only on Dr. Kissenberth's November 2009 opinion. Accordingly, the court will not address the additional evidence which was submitted to the Appeals Council.

[5]The court notes that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." *See, e.g., Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir.1993). *See also O'Leary v. Schweker*, 710 F.2d 1334, 1341 (8th Cir.1993) (observing that checklist forms are entitled to little weight due to lack of explanation).

In *Meyer v. Astrue*, the Fourth Circuit held that the Appeals Council is not required to articulate its rationale for denying a request for review. 662 F.3d at 707. The Fourth Circuit then stated when the Appeals Council receives additional evidence and denies review, the issue for the court is whether the ALJ's decision is supported by substantial evidence. *Id.* Further, the court held that when the evidence is one-sided, the court may be able to determine whether substantial evidence supports the ALJ's decision. *Id.* In *Meyer*, however, the court held it could not determine whether substantial evidence supported the ALJ's decision and thus remanded the case to the Commissioner for a rehearing. *Id.*

Evidence submitted to the Appeals Council with a request for review must be considered in deciding whether to grant review " 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95–96 (4th Cir.1991) ( en banc ) (*quoting Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir.1990)). Evidence is new "if it is not duplicative or cumulative." *Id.* at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* When a claimant seeks to present new evidence to the Appeals Council, he is not required to show good cause for failing to present the evidence earlier. *Id.* at 96 n. 3; cf. 20 C.F.R. § 404.970(b).

Here, the Magistrate Judge's recommendation to remand is based solely upon her conclusion that Dr. Kissenberth's November 2009 opinion is new, material, and relates to the period at issue under 20 C.F.R. § 404.970(b). Specifically, the Magistrate Judge stated that

> [b]ased on its review of the record, including the additional opinion of Dr.

> Kissenberth, and the ALJ's decision, the court cannot recommend dismissal of this issue on the ground that the 2009 opinion does not relate to the period at issue. Here, in finding Plaintiff was not disabled, the ALJ discussed some of Plaintiff's 2009 visits to Dr. Kissenberth, as well as his activities just prior to the April 2009 hearing. *See* Tr. at 18, 22. On these facts, the court cannot recommend a finding that the November 2009 opinion could not be material or new.

(Report at 24).

Even assuming arguendo that Dr. Kissenberth's post-decision opinion is "new" evidence with the meaning of *Wilkins*, there is no reasonable possibility that this evidence would have changed the ALJ's decision. This evidence on its face does not relate to the period on or before the date the Plaintiff was last insured and, in fact, there is no indication whatsoever that the opinion properly pertains to Plaintiff's limitations prior to that date. *Wilkins*, 953 F.2d at 95.

For the purpose of securing DIB, medical opinions written after a claimant's date last insured can be given weight if they relate back to the period when plaintiff was insured and provide evidence of plaintiff's impairments at that time. *Johnson v. Barnhart*, 434 F.3d 650, 655–656 (4th Cir. 2005)(holding that the opinion of a treating physician rendered nine months after the claimant's date last insured was irrelevant). As nothing in Dr. Kissenberth's November 6, 2009 opinion addresses whether or not Plaintiff was disabled during the relevant time period (i.e prior to the date last insured), this new evidence is not material. *See Edwards v. Astrue*, 2008 WL 474128, at *9 (W.D.Va. February 20, 2008) ("The [new records] do not relate back to the relevant time period as they were both done over 6 months after the ALJ rendered his decision.").

In his reply to Defendant's objections, Plaintiff states "since that this case is for SSI as well as DIB, the fact that [Dr. Kissenberth's opinion] was rendered after [Plaintiff] was

no longer eligible for DIB is not relevant at all." (Pl.'s Reply Mem. at 10-11).  He argues that he applied for both DIB and SSI, "so despite the expiration of DIB coverage in 2008, [he] continued to be eligible for SSI, so the question is whether he was disabled as of the date of the ALJ's decision on 1/29/10." (Pl.'s Reply Mem. at 2) (internal citations omitted). It does appear Plaintiff applied for both DIB and SSI. However, the ALJ's decision addresses only DIB (R. 13-24) and Plaintiff has not raised any issue on appeal relating to an SSI claim or the ALJ's failure to address an SSI claim.[6]  Therefore, any issue relating to Plaintiff's SSI is not properly before the court, and the court will address only Plaintiff's DIB claim and consequently only his condition between his alleged onset date of December 19, 2003, and December 31, 2008, the date Plaintiff was last insured.

The Court finds that Dr. Kissenberth's 2009 opinion is irrelevant as it was rendered months after Plaintiff's date last insured and does not purport to cover the period during which Plaintiff was eligible to receive DIB benefits. *See, e.g., Szubak v. Secretary*, 745 F.2d 831, 834 (3d Cir.1984) ("An implicit materiality requirement is that the new evidence relates to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.").[7]  The court does not agree with the Magistrate Judge's conclusion that the ALJ's discussion of evidence after the Plaintiff's date of last insured precludes a finding that

---

[6] Defendant states that it appears that Plaintiff withdrew his application for SSI. (Def.'s Br. at 2 n. 2).

[7] Moreover, as the Fourth Circuit has recognized medical source opinions prepared after an ALJ's decision are less persuasive than opinions issued prior to the his decision. *Wagner v. Apfel*, 1999 U.S.App. LEXIS 29887, * 10 (4th Cir.1999) (*citing Macri v. Chater*, 93 F.3d 540 (9th Cir.1996).

Dr. Kissenberth's November 2009 opinion was not material. The ALJ's discussion of evidence postdating the date Plaintiff was last insured does not alter the fact that Dr. Kissenberth's opinion is not retrospective in nature and simply does not relate to the time period before the date last insured.  If Plaintiff believes the ALJ erred in determining that Plaintiff was not disabled by discussing evidence after the date Plaintiff was last insured, Plaintiff could have raised that issue on appeal.[8]   Requiring the ALJ to consider Dr. Kissenberth's opinion simply because the ALJ discussed other evidence post-dating the date Plaintiff was last insured would merely compound any error.

## CONCLUSION

For the foregoing reasons, the court declines to adopt the Report and Recommendation of the magistrate Judge and instead **AFFIRMS** the final decision of the Commissioner.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 20, 2012
Greenville, South Carolina

---

[8]The court expresses no opinion as to whether the ALJ erred in discussing evidence which post-dated the date Plaintiff was last insured in this case.